## SIMON LYNCH *vs.* DENNIS CRONAN.

Under the *St.* of 1851, c. 343, § 2, a mechanic's lien for labor upon a building is dissolved, if his certificate filed in the registry of deeds omits to credit four dollars actually received by him.

On the trial of a petition to enforce a mechanic's lien upon a building, his book of charges and suppletory oath were not admissible in evidence in his favor, before the passage of the statutes making parties competent witnesses.

PETITION under *St.* 1851, *c.* 343, to enforce a lien for labor performed by the petitioner, in August and September 1851, under a contract with Kilburn Chapman, on a wooden building in Fitchburg, which Chapman was erecting under contract with the respondent, the owner of the land.

At the trial in the court of common pleas, at December term 1855, before *Briggs*, J., the petitioner produced the certificate filed by him in the registry of deeds, containing an account of his demand, in which he charged the respondent with nineteen and a quarter days' work at $1.25 a day, amounting to $24.06, and credited him with $1. The respondent offered evidence tending to show that $5 had been paid on the account; and

contended that. if $5 had been paid, the certificate filed was fatally defective, and the petitioner could not recover. But the judge instructed the jury that, if they believed that $5 had been paid, the petitioner would be entitled to recover the balance after deducting the $5.

The petitioner, in evidence of the number of days during which he worked on the building, was allowed by the judge, against the objection of the respondent, to introduce his book, containing the charges thereof, supported by his suppletory oath.

The jury found a verdict for the petitioner in the sum of $19.06 ; and the respondent alleged exceptions.

*N. Wood*, for the respondent.

*T. K. Ware*, for the petitioner. 1. The omission to credit, in the certificate, all that was found by the jury to have been paid, is not fatal to the petitioner's claim. This statute, passed for the protection of mechanics and laboring men, would be of little avail, if an honest mistake as to a small amount of credit should be held to defeat the whole claim for the actual balance.

2. The petitioner is entitled to use the same evidence, in supporting his lien, as in an action against the original debtor. The reasons for admitting book accounts with the suppletory oath are as strong in this form of proceeding as in that. *Barker* v. *Haskell*, 9 Cush. 218. *Mathes* v. *Robinson*, 8 Met. 269.

SHAW, C. J. A majority of the court are of opinion that the exceptions must be sustained upon both points.

1. The *St.* of 1851, *c.* 343, § 2, expressly provides that the lien shall be dissolved, unless the person, seeking to avail himself of it, files within sixty days, in the registry of deeds, " a certificate, containing a just and true account of the demand justly due to him, after all just credits given." The amount of all just credits is a fact which lay particularly within the petitioner's own knowledge, and which he was bound to state truly. If the owner of the land had paid the amount thus stated, he would have lost four dollars upon settling with his contractor.*

---

* Under the *St.* of 1855, *c.* 431, " no inaccuracy " in the certificate, " in stating the amount due for labor, shall invalidate the proceedings, unless it shall

2. The petitioner's book of account and suppletory oath were incompetent evidence. To admit them in this proceeding would be a step beyond any case yet decided. The statute creating a lien upon land, under a contract which may be made by a person other than the owner, is to be construed with at least reasonable strictness. The party has it in his power to secure other evidence of the work which he has performed, either by the testimony of the contractor, or of his own fellowworkmen.

*New trial in this court.*

appear that the person filing the certificate has wilfully and knowingly claimed more than is his due.